**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**ROBERT JOHN ABEL,**

      **Plaintiff,**

v.                                                  **Case No: 6:24-cv-593-PGB-DCI**

**PORSCHE CARS NORTH
AMERICA, INC. and DR. ING.
H.C. F. PORSCHE AG,**

      **Defendants.**
_____/

## ORDER

This cause is before the Court on Defendant Porsche Cars North America, Inc.'s ("**PCNA**") Unopposed Motion for Enlargement of Time to Respond to Plaintiff's First Amended Complaint and to Suspend Case Management Report Deadlines (Doc. 32 (the "**Motion**")). Upon consideration, the Motion is due to be denied.

**I.    BACKGROUND**

Robert John Abel ("**Plaintiff**") commenced this putative class action on July 17, 2023, in the District of New Jersey. (Doc. 1 (the "**Complaint**")). On September 18, 2023, Plaintiff filed its First Amended Complaint. (Doc. 6). The Honorable Judge Robert Kirsch approved a stipulated briefing schedule, which gave Plaintiff until December 8, 2023 to amend the First Amended Complaint and required PCNA to serve Plaintiff with its motion to dismiss by January 8, 2024.

(Docs. 9–12).[1] According to Judge Kirsch's Order transferring the case to the Middle District of Florida, PCNA served Plaintiff with a motion to dismiss, and Plaintiff elected to stipulate transferring the litigation rather than respond to the motion to dismiss. (Doc. 17, p. 2). As a result, seven (7) months have transpired since the First Amended Complaint was filed, and the case is not closer to resolution than it was on day one.

With this tortured history as context, PCNA proposes to dispense with submitting a Case Management Report and offers a briefing schedule that may finally result in a motion to dismiss being fully briefed in the next four (4) months, assuming PCNA is denied leave to file a reply. (Doc. 32, p. 4). This is completely unacceptable. This Court moves cases with alacrity, and it is fully expected that this case will be trial ready within two (2) years from the date the Complaint was filed, meaning no later than July 2025. (Doc. 1). Class action complaints are routinely Track II matters and are resolved within a schedule of twenty-four (24) months. This schedule includes the filing of dispositive motions four (4) months before the commencement of trial.

---

[1] The Middle District of Florida does not employ the Byzantine process, which requires the parties to write letters to the Court and to serve each other with a proposed motion before the motion appears on the docket. (*See generally* Docs. 7–12). Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A), a defendant must serve an answer within twenty-one (21) days after being served with the summons and complaint. The Local Rules of this Court allow a party twenty-one (21) days to respond to a motion to dismiss. *See* Local Rule 3.01(c). Adherence to the Federal Rules of Civil Procedure and the Local Rules avoids undue delay and promotes efficiency.

## II.     LEGAL STANDARD

District courts enjoy broad discretion in deciding how best to manage the cases before them and to set and enforce scheduling deadlines. *See Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997); *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) ("At the outset, we stress the broad discretion district courts have in managing their cases."); *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling.").

## III.    DISCUSSION

Plaintiff has had the past nine (9) months to decide how to frame his theory of the case and has already amended the complaint once. (*See* Docs. 1, 6). PCNA's request to afford Plaintiff another thirty (30) days to ponder whether a second amendment is necessary is not justified. (Doc. 32, p. 4). Further, PCNA offers no justification for requiring forty-five (45) days to file a "renewed" motion to dismiss, with the result being that at least seventy-five (75) days will have expired before the first motion to dismiss is docketed in this case. (*See id.*). Continuing with this leisurely pace, PCNA suggests Plaintiff should have forty-five (45) days—rather than the twenty-one (21) days allowed by Local Rule 3.01(c)—to respond. (*Id.*). The Middle District of Florida does not unnecessarily protract litigation, and so, the Motion is denied.

3

PCNA shall file an answer or a motion to dismiss to the First Amended Complaint on or before **May 6, 2024**. While twenty-one (21) days is the norm, PCNA has already drafted the motion to dismiss. (*See* Docs. 17, 32). If PCNA files a motion to dismiss, Plaintiff may file a response thereto in accordance with the Local Rules. Finally, the parties shall file the Case Management Report as required with the objective being a trial date in July 2025—the outside date for a Track II case. (*See* Docs. 20, 21).

## IV.  CONCLUSION

For these reasons, PCNA's Unopposed Motion for Enlargement of Time to Respond to Plaintiff's First Amended Complaint and to Suspend Case Management Report Deadlines (Doc. 32) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on April 25, 2024.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

4