UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ROBERT JOHN ABEL,**

       **Plaintiff,**

v.                                    Case No: 6:24-cv-593-PGB-DCI

**PORSCHE CARS NORTH
AMERICA, INC. and DR. ING.
H.C. F. PORSCHE AG,**

       **Defendants.**
_____/

**ORDER**

This matter is before the Court upon Plaintiff Robert John Abel's ("**Plaintiff**") Response to Order to Show Cause. (Doc. 55 (the "**Response**")).

**I.   BACKGROUND**

Plaintiff initiated this action in the District of New Jersey on July 17, 2023. (Doc. 1). Ultimately, this action was transferred to the Middle District of Florida on March 27, 2024. (Doc. 19). On October 4, 2024, upon *sua sponte* review, the Court dismissed the Amended Complaint (Doc. 6) as a shotgun pleading. (Doc. 50 (the "**Order**")). In the Order, the Court highlighted the Amended Complaint's deficiency of "adopt[ing] the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." (*Id.* at p. 2 (citations omitted)). Thus, the Court granted Plaintiff leave to file an amended complaint "to cure the deficiencies

specified" in the Order. (*Id.* at p. 3). Moreover, the Court emphasized that "Plaintiff's amendments *shall be limited* to curing the deficiencies set forth in [the] Order." (*Id.* at p. 3 n.2 (emphasis added)). Finally, for the third time in a three-page Order, the Court again advised Plaintiff that he "may file an amended complaint *consistent with the directives of this Order*." (*Id.* at p. 3 (emphasis added)).

Thereafter, Plaintiff filed his Second Amended Complaint on October 11, 2024. (Doc. 52 (the "**SAC**")). Despite the Court's explicit directives, Plaintiff violated the Court's Order. (*See id.*). For example, Plaintiff added a series of substantive allegations to various counts. (*See id.*; *see also* Doc. 53-1 (redline comparison of Amended Complaint and Second Amended Complaint)). Thus, Plaintiff's amendments were not limited to curing the deficiencies set forth in the Order. (Docs. 50, 52). Defendant notified Plaintiff of his noncompliance with the Order and attempted to resolve the matter, to no avail. (*See* Docs. 53-2, 53-3). Consequently, Defendant filed its Notice of Plaintiff's Non-Compliance with Court Order. (Doc. 53 (the "**Notice**")).

The Court therefore issued an Order to Show Cause directing Plaintiff to show cause "why this case should not be dismissed without prejudice for failure to comply with the Court's Order." (Doc. 54 (the "**Order to Show Cause**")). Plaintiff filed a response to the Order to Show Cause, which is now before the Court. (Doc. 55).

## II. DISCUSSION

### A. "All Applicable Rules and Law"

In the Response, Plaintiff concedes that his amendments in the SAC were "beyond the shotgun pleading directive." (Doc. 55, p. 2). Plaintiff nonetheless asserts that this case should not be dismissed because the SAC was consistent with "all applicable rules and law, which presumably include extant jurisprudence." (*Id.*). Yet, Plaintiff fails to delineate what "jurisprudence" he is referring to. (*Id.*). Even if Plaintiff properly supported such an argument, the SAC's amendments would still fail to comply with "all applicable rules and law." The deadline to amend pleadings in this case was July 22, 2024, and consequently, any amendments thereafter would violate the Court's Case Management and Scheduling Order. (Doc. 47). This argument fails for more reasons than one.[1]

### B. Leave to Amend, or the Lack Thereof

Next, Plaintiff relies on Eleventh Circuit authority to posit that a "second attempt to cure a deficiency should not [be] denied by the District Court given the liberality of Rule 15." (Doc. 55, pp. 2–3). However, the two cases Plaintiff cites to do not support his position here. (*See id.* (first citing *Est. of Hand by and through Hand v. Fla. Dep't of Corrs.*, No. 21-11542, 2023 WL 119426, at *5–8 (11th Cir. Jan. 6, 2023); and then citing *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988))). In *Estate of Hand by and through Hand,* the Eleventh Circuit assessed a

---

[1] The Court is admittedly perplexed by this argument. Plaintiff fails to consider that raising claims, or arguments, in an untimely manner and without authorization from the Court does not comply with whatever vague "jurisprudence" is referenced.

district court's denial of a motion to amend. *See* 2023 WL 119426, at *5–8. In *Thomas,* the Eleventh Circuit evaluated a district court's dismissal of a complaint under Rule 12(b)(6) without leave to amend. *See* 847 F.2d at 773.

Neither of those contexts are relevant to the instant matter. First, Plaintiff never filed a motion for leave to amend; rather, Plaintiff filed the SAC that directly violated the Order. (*See* Doc. 52). Second, the Court has not dismissed Plaintiff's complaint, nor has it reached the merits of a motion to dismiss. As such, Plaintiff's reliance on these cases is misguided.

Moreover, even if Plaintiff filed a motion for leave to amend, such a motion would be untimely as the deadline to amend pleadings was July 22, 2024. (Doc. 47). And even if such a motion for leave to amend was timely, the Court likely would have denied the request. As the Court highlighted when this case was transferred to the Middle District of Florida: "Plaintiff has had the past nine (9) months [now fifteen (15) months] to decide how to frame his theory of the case and has already amended the complaint once." (Doc. 33, p. 3). Accordingly, as previously held, the "Middle District of Florida does not unnecessarily protract litigation." (*Id.*).

### C. Resources

Finally, the Court does not appreciate Plaintiff's erroneous conclusion that the SAC's amendments "narrowed the scope of the claims and narrowed the putative class conserving the Court's resources as well as Defendant's." (Doc. 55, p. 2). Contrary to Plaintiff's conclusion, his unauthorized amendments are, in fact,

*wasting* the Court's resources as well as Defendant's. Considering Plaintiff's inability to comply with the Order—which explicitly limited Plaintiff's amendments—Defendant had to engage in unnecessary discourse with Plaintiff to address his noncompliance. (*See* Docs. 53, 53-2, 53-3). Then, due to Plaintiff's poor professionalism during such discourse, Defendant had no option but to file the Notice.[2] (*See id.*). In response, the Court issued an Order to Show Cause as to Plaintiff and is now issuing the instant Order to again resolve Plaintiff's noncompliance—or rather, complete disregard—of the Court's Order. In sum, Defendant's and the Court's resources have been overwhelmingly wasted in addressing Plaintiff's unauthorized amendments.

In any event, the Court elects to decide matters on the merits. Considering the circumstances, Plaintiff's SAC is hereby **STRICKEN**, and Plaintiff shall file a renewed Second Amended Complaint—*limited to curing the shotgun pleading deficiencies set forth in the Court's Order*. (Doc. 50). Plaintiff's amendments shall be solely limited to addressing paragraphs 107, 115, 129, 135, and 148 of the Amended Complaint. (Doc. 6). To be clear, Plaintiff is *not* permitted to use this leave to amend as an opportunity to include new allegations, address the

---

[2] The Court highlights Plaintiff's poor professionalism in its discourse with Defendant. (*See* Docs. 53, 53-2, 53-3). In an exchange of e-mails between the parties' counsel, Defendant attempted "to work cooperatively with Plaintiff to facilitate compliance with the limitations set by the Court without creating a dispute requiring judicial intervention." (Doc. 53-2, p. 2). Plaintiff's method of cooperation was to use his compliance with the Court's Order as a bargaining chip. (Docs. 53, 53-2. 53-3). As Plaintiff may now realize, this is a faulty negotiation tactic.

5

deficiencies raised in Defendant's now stricken Motion to Dismiss, and/or delete any existing material.

## III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Clerk of Court is **DIRECTED** to strike Plaintiff's Second Amended Complaint (Doc. 52).

2. On or before **October 25, 2024**, Plaintiff shall file an amended complaint *consistent with the directives of this Order*. Failure to timely file an amended complaint will result in the dismissal of this action without prejudice and without further notice.

3. Any further noncompliance with the Court's Orders by Plaintiff will result in the dismissal of this case and the imposition of sanctions.[3]

**DONE AND ORDERED** in Orlando, Florida on October 24, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[3] *See Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) ("[W]e stress the broad discretion district courts have in managing their cases . . . [and] ensur[ing] that their cases move to a reasonably timely and orderly conclusion." (citations omitted)); *see also Fla. Power & Light Co. v. Allis Chalmers Corp.*, 85 F.3d 1514, 1521 (11th Cir. 1996) (stating that "[d]istrict courts have broad discretion under the Federal Rules of Civil Procedure to impose sanctions for failure to comply with court orders." (citation omitted)).

6